## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROOFERS LOCAL 30 COMBINED WELFARE FUND, | : | CIVIL ACTION |
| ROOFERS LOCAL NO. 30 COMBINED PENSION FUND, | : | |
| ROOFERS LOCAL COMBINED VACATION FUND, | : | No. |
| ROOFERS LOCAL 30 COMBINED ANNUITY FUND, | : | |
| ROOFERS LOCAL 30 POLITICAL ACTION AND EDUCATION FUND, | : | |
| COMPOSITION ROOFERS UNION LOCAL NO. 30 APPRENTICESHIP FUND | : | |
| DELAWARE VALLEY ROOFING CONTRACTORS ASSOCIATION INDUSTRY ADVANCEMENT FUND, and | : | |
| LOCAL UNION NO. 30 OF THE UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS | : | |
| 6447 Torresdale Avenue | : | |
| Philadelphia, PA 19135 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| COMPETITION CONSTRUCTION, INC. and | : | |
| JOSEPH FITZGERALD, individually | : | |
| 29 Center Street | : | |
| Moorestown, NJ 08057 | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendants as follows:

## JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C.

§§185(a), 1132 and 1145.

2.      A copy of this Complaint has been served on the Secretary of Labor and the

151301-1

Secretary of Treasury of the United States by certified mail.

## VENUE

3.      Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§185(a) or 1132(e)(2).

## PARTIES

4.      Plaintiffs, Roofers Local 30 Combined Welfare Fund, Roofers Local No. 30 Combined Pension Fund, Roofers Local No. 30 Combined Vacation Fund and Roofers Local 30 Combined Annuity Fund and Composition Roofers Union Local No. 30 Apprenticeship Fund (respectively "Welfare Fund", "Pension Fund", "Vacation Fund," "Annuity Fund" and "Apprenticeship Fund"), are trust funds established under 29 U.S.C. §185(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. §1002(37), (1), (2) and (3).

5.      Plaintiff, Roofers Local 30 Political Action and Education Fund ("PAC"), is an unincorporated association established pursuant to 2 U.S.C. §431 et seq. for the purpose of advancing the political interests of the members of the union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

6.      Plaintiff, Delaware Valley Roofing Contractors Association Industry Advancement Fund ("IAF"), is a fund established by the Delaware Valley Roofing Contractors Association for the purpose of fostering and advancing the interest of the roofing industry in the Philadelphia area.

7.      Plaintiff, Local Union No. 30 of the United Union of Roofers, Waterproofers and Allied Workers, AFL-CIO ("Union"), is an unincorporated association commonly referred to as a labor union, and is an employee organization which represents, for purposes of collective

bargaining, employees of Defendant, Competition Construction, Inc. who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002(4),(11) and (12).  The Union is the collection agent for the Roofers Union Local No. 30 Union Fund.

8.    The Pension Fund, Welfare Fund, Annuity Fund, Vacation Fund, IAF and PAC (collectively "Funds") and the Union maintain their principal place of business and are administered from offices located in the Eastern District of Pennsylvania.

9.    Defendant, Competition Construction, Inc. (the "Company") is a New Jersey corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

11.    Defendant, Joseph Fitzgerald ("Individual Defendant" and together with the Company, "Defendants") is an individual and the owner, officer, agent or managing agent of the Company with a business or residential address as listed in the caption.

## COMMON FACTS

12.    At all times relevant to this action, the Company was party to, or otherwise bound by, a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract").

13.    The Company also signed or agreed to abide by the terms of agreements and declarations of trust of the Funds, as from time to time amended ("Trust Agreements") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce for the purpose of promoting stable and peaceful labor relations.

14.    Under the Labor Contract or Trust Agreements, the Company agreed:

    (a)    To make full and timely payments on a monthly basis to the Funds and

Union, as required by the Labor Contract;

      (b)     To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract;

      (c)     To produce, upon request by the Funds, individually or jointly, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and Union; and

      (d)     To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds and Union to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

## COUNT I - AUDIT

### FUNDS AND UNION

#### v.

### COMPANY

15.     The allegations of Paragraphs 1 through 13 are incorporated by reference as if fully restated.

16.     The Company is obligated to permit the Funds to audit its records and to cooperate in determining the contributions due the Funds and Union.

17.     The amount of contributions the Company is required to pay to the Funds and Union is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

18.     The Funds and Union are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records

151301-1                                   4

and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company and the Company has failed and/or refused to permit an audit.

19.    Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

20.    The Company has failed to submit all of its contractually required remittance reports to the Funds and has refused to allow an audit of its payroll and related records.

21.    The Company is required by the Labor Contract, Trust Agreements, and applicable law to permit the Funds and Union to audit its records and to cooperate in determining the contributions due the Funds and Union.

22.    The Funds and Union have no adequate remedy at law for the calculation of any damages suffered as a result of the breach itself requires an audit.

23.    All conditions precedent to equitable relief have been satisfied.

WHEREFORE, Plaintiffs ask that the Court:

(1)    Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

151301-1                                    5

## COUNT II - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### FUNDS AND UNION

#### v.

### COMPANY

24.    The allegations of Paragraphs 1 through 22 are incorporated by reference as if fully restated.

25.    On information and belief, the Company has failed to make contributions to the Funds and Union as required by its Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

26.    On information and belief, the Funds and Union have been damaged by the failure of the Company to make contributions as required by its Labor Contract or Trust Agreements.

WHEREFORE, Plaintiffs ask that the Court:

(1)    After an audit, enter judgment against the Company in favor of the Funds and the Union individually for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary of appropriate.

151301-1                                6

## COUNT III - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### FUNDS

### v.

### COMPANY

27.     The allegations of Paragraphs 1 through 26 are incorporated by reference as if fully restated.

28.     On information and belief, the Company has failed to make contributions to the Funds in violation of 29 U.S.C. §1145 in a period not barred by any applicable statute of limitations or similar bar.

29.     The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the possession, control or knowledge of the Company.

WHEREFORE, Plaintiffs ask that the Court:

(1)     After an audit, enter judgment against the Company in favor of the Funds individually for the contributions found due and owing together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

151301-1                                      7

## <u>COUNT IV – ERISA BREACH OF FIDUCIARY DUTY</u>

**FUNDS**

**v.**

**INDIVIDUAL DEFENDANT**

30.    The allegations of Paragraphs 1 through 29 are incorporated by reference as if fully restated.

31.    The Labor Contract requires the Company to make full and timely payments on a monthly basis to the Funds for the benefit of employees covered by the Labor Contract.

32.    As the principal officer and managing agent of the Company, Individual Defendant was and is responsible for collection of monies payable to the Funds resulting from labor performed by the Company's employees covered under the Labor Contract.

33.    As the principal officer and managing agent of the Company, Individual Defendant was and is responsible for submitting monthly remittance reports to the Funds setting forth the total amount of fringe benefit contributions owed resulting from labor performed by his employees covered under the Labor Contract.

34.    As the principal officer and managing agent of the Company, Individual Defendant had and has the authority to make decisions as to what obligations and/or payments of the Company are/were to be paid to the Funds, including the authority to make payments for his own personal benefit and to other creditors of the Company.

35.    Pursuant to provisions in the Trust Agreements, at such time as fringe benefit contributions became due and payable by the Company to the Funds such monies became assets of the Funds.

36.    At such time as fringe benefit contributions became due and payable by the

Company to the Funds, such monies became trust assets and Individual Defendant exercised authority or control with respect to their management or disposition.

37.    Individual Defendant is a "fiduciary" under the Employee Retirement Income Security Act of 1974 ("ERISA").

38.    On information and belief, Individual Defendant, through his position, caused and directed the Company to fail and refuse to forward to the Funds the monies held in trust for payment to the Funds pursuant to the Labor Contract, Trust Agreements and applicable law.

39.    Individual Defendant breached his fiduciary duty to the Funds by failing to pay to the Funds such contributions once they became due and payable and, therefore, is personally liable for all fringe benefit contributions, interest, liquidated damages and attorneys' fees and costs owed by the Company to the Funds pursuant to the Labor Contract, Trust Agreements, and applicable law.

40.    This breach of fiduciary duty constitutes a violation of ERISA Section 502(a), actionable under ERISA Section 409(a), 29 U.S.C. §1132(a)(2); 29 U.S.C. §1109.

WHEREFORE, the Funds ask that the Court:

(1)    Enter judgment against Individual Defendant such that he is held jointly and severally liable along with the Company for all amounts the Company is determined to owe to the Funds.

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V– INJUNCTION

### FUNDS

### v.

### COMPANY AND INDIVIDUAL DEFENDANT

41.    The allegations of Paragraphs 1 through 40 are incorporated by reference as if fully restated.

42.    A money judgment or other remedy available at law is inadequate because the Company and Individual Defendant have shown their disregard of their contractual and legal obligations by a consistent pattern of delinquencies as revealed by their failure to submit required contributions.

43.    Unless ordered to do otherwise by this Court, the Company and Individual Defendant will continue their conduct in violation of the Labor Contract and ERISA and the Funds and their participants will be irreparably damaged.

44.    All other conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Funds asks that the Court:

(1)    Permanently restrain and enjoin Individual Defendant and the Company, and its and their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them from continuing to violate ERISA and the terms of the current Labor Contract(s) between the Company and the Union and from violating such other collective bargaining agreements as may from time to time be entered by the said parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Funds and Union for so long as they are required to do so.

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or

appropriate.

                                        Respectfully submitted,

                                        JENNINGS SIGMOND, P.C.


                              BY: _____
                                        RICHARD B. SIGMOND (I.D. 02574)
                                        SANFORD G. ROSENTHAL (I.D. 38991)
                                        ERIC B. MEYER (I.D. 87969)
                                        The Penn Mutual Towers, 16th Floor
                                        510 Walnut Street
                                        Philadelphia, PA 19106
                                        (215)351-0609/0611/0660

                                        Attorneys for Plaintiffs


DATE: _____


151301-1                                11